# 𝕲𝖊𝖓𝖊𝖗𝖆𝖑 𝕾𝖊𝖘𝖘𝖎𝖔𝖓𝖘—𝕹𝖊𝖜 𝖄𝖔𝖗𝖐 𝕮𝖔𝖚𝖓𝖙𝖞.

*June* 2, 1885.

## PEOPLE *v.* HAVER.

EVIDENCE OF ANOTHER OFFENSE—INTENT—BLACKMAIL—
MALICIOUS ANNOYANCE.

Upon the trial of an indictment for blackmail and malicious annoyance,
evidence of the sending by the defendant of a letter similar to that
upon which the indictment is based, under like circumstances and at or
about the same time, is admissible upon the question of intent, though
such letter was sent to a person other than complainant, and is in no way
connected with the crime charged.

TRIAL of an indictment.

The defendant, Lewis P. Haver, was indicted in the Court of
General Sessions of New York December 29, 1884, for black-
mail and malicious annoyance, under section 558 of the Penal
Code, and chapter 209, Laws 1880, under which statutes the
third and fourth counts of said indictment were respectively
framed. The indictment was tried before the Hon. FREDERICK
SMYTH and a jury, from the 16th to the 22d of June, 1885.

It appeared upon the trial that the defendant was the pro-
prietor and publisher of a printed periodical, issued weekly,
called "Thompson's Bank Note and Commercial Reporter,"
purporting to give information of value to bankers, merchants
and others, in connection with which was also issued monthly a
printed list or publication purporting to be a statement of sol-
vent banks throughout the United States. In each number of
the "Reporter" appeared a statement of banks, &c., "which
have been reported and will be removed from the next issue of
Thompson's Solvent Bank Report," the list above referred to;
also a statement of new banks, &c., which would be added to
said next issue, &c. The price of the monthly list was three
dollars per annum, and of the monthly and weekly publication
together, five dollars. It further appeared that from time to

time the defendant's publication was sent to the Clyde Exchange Bank, a private banking establishment carried on by complainant, Frank A. Griffin, in the town of Clyde, Kansas; that said publication was not ordered by complainant, and that he repeatedly requested that it be not sent to him; that defendant demanded payment of the regular subcription price of said publication, which being refused, defendant sent to complainant. the following letter, upon which the indictment herein was based.

"MARCH 3, 1883.

" *Clyde Exchange Bank, Clyde, Kansas:*

"Herewith we return bill, with request that you pay. We note all you say on that postal card. We have had the same experience with other bankers, who asked for one sample card and managed to receive a dozen more, and then tried to evade payment. We again request that you pay, or we will make it hot for you. You may construe this a threat if you desire. But if you are not a fit banker we are not going to let you force the public into believing that you are. We owe it to the community to show up such bankers.

"THOMPSON'S BANK NOTE AND

"COMMERCIAL REPORTER CO.,

" *P. O. Box* 411, 25 *Park Place, New York.*"

Counsel for the prosecution claimed that the whole scheme of the paper was a blackmailing one; that copies of the paper marked "sample" were voluntarily forwarded to bankers generally throughout the country for a few weeks, and thereafter bills for a year's subscription was sent to them; that in case payment was refused, the practice was to write threatening letters containing insinuations and inuendoes against the bank and its officers, and statements that an article would be published in defendant's paper reflecting upon the standing and solvency of the bank, each letter, however, containing an intimation that the payment of a sum of money for subscriptions or advertising would obviate all difficulty, &c. In support of this contention and to show the wrongful intent in sending the letter on which the indictment was based, the prosecution.

called James N. Tripp, who testified that he was the president of the First National Bank of Marathon, N. Y.; that at different times up to a few months ago he had received copies of "Thompson's Bank Note Reporter," which had never been ordered by him; that bills for the subscription price of said publication had been sent him at different times by defendant, which bills he did not owe and did not pay, and that subsequently he received a letter from defendant, which was put in evidence, and which it appeared was of substantially the same tenor as the letter upon which the indictment herein was founded.

To the whole of this evidence counsel for the prisoner duly objected, on the ground that it was immaterial and did not relate to the offense charged in the indictment.

*Randolph B. Martine,* district attorney (*James Fitzgerald,* assistant), for the people.

*William Fullerton,* for defendant.

SMYTH (Recorder).—After hearing counsel, held the evidence admissible on the question of intent only, under People *v.* Thompson (2 *N. Y. Crim. Rep.* 520).

The defendant was convicted under the third and fourth counts of the indictment and was fined five hundred dollars, which he paid.